**Richard HOYT, Plaintiff–Appellant,**

v.

**Donal CAMPBELL; Jim Rose; Sherrie Jenkins; Elisha Gipson; Darlene Scott; Bill Harper; George McGee; F/N/U Walwyn, Dr.; F/N/U Salcedo, Dr.; William L. Bacon, M.D., Defendants–Appellees.**

No. 01–6539.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

Richard Hoyt, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Hoyt sued the Commissioner (Campbell) of the Tennessee Department of Corrections (TDOC), the Assistant Commissioner (Rose), two TDOC Counselors (Jenkins and Gipson), a TDOC Corporal (Scott), a physician's assistant (Harper), the Director of Health Services (McGee), and three doctors (Walwyn, Salcedo and Bacon). Hoyt claimed that the defendants were deliberately indifferent to his serious medical needs because they only provided him with minimal treatment for a chronic hip problem.

Upon review, a magistrate judge filed a report recommending that the district court dismiss Hoyt's complaint against defendants Campbell, Rose, Jenkins, Gipson, Scott, Harper, McGee, and Walwyn, because the complaint failed to establish an arguable legal basis for the claim and because Hoyt failed to state a claim upon which relief could be granted. Although Hoyt filed a motion for an extension of time to file objections to the report, he did not provide any reasons in support of the motion, and he did not file any actual objections to the report. The district court denied Hoyt's motion and adopted the magistrate judge's recommendation. Hence, service of process was issued to defendants Bacon and Salcedo, and the court dismissed the remainder of the action pursuant to 28 U.S.C. § 1915A. On August 27, 2001, the magistrate judge filed a report recommending that the district court grant Bacon's and Salcedo's motions for summary judgment because the record reflected that the defendants had provided Hoyt with a course of treatment. On September 19, 2001, the district court adopted the magistrate judge's recommendation and granted summary judgment to Bacon and Salcedo. Thereafter, Hoyt filed objections to the magistrate judge's second report, and the district court issued an order stating that nothing in the objections would change its prior order.

Hoyt filed a notice of appeal expressing his desire to appeal from the district court's order entered on September 19, 2001. Hoyt essentially reasserts his deliberate indifference claim, but he also argues that the defendants' conduct violated his due process and equal protection rights.

■ Initially, we note that Hoyt did not raise his due process and equal protection claims in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.,* 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case. Thus, we will not address these claims.

■ We also note that Hoyt cannot pursue an appeal of the district court's order dismissing his complaint against defendants Campbell, Rose, Jenkins, Gipson, Scott, Harper, McGee, and Walwyn. First, he did not file any objections to the magistrate judge's report, after being advised to do so, and being warned that failure to do so would result in a waiver of

his right to appeal. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947, 949 (6th Cir.1981). Moreover, Hoyt did not file a notice of appeal from the district court order dismissing his complaint against these defendants. "The failure of [an] appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R.App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend." *Rhoden v. Campbell,* 153 F.3d 773, 774 (6th Cir.1998).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. *See Davis v. Sodexho, Cumberland Coll. Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). The defendants met their burden of establishing that they provided Hoyt ample medical treatment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Metro Communications Co. v. Ameritech Mobile Communications, Inc.,* 984 F.2d 739, 742 (6th Cir.1993). In order to prevail on his claim, Hoyt must establish that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, a difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action. *Id.* at 107. This court is reluctant to second guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Both Bacon and Salcedo presented affidavits reflecting that Hoyt had received some medical attention. Each defendant averred that he had reviewed Hoyt's medical records, and that the records reflected that Hoyt's hip problem had been examined on numerous occasions, and that his course of treatment included referrals to two orthopedic specialists, numerous x-rays, bone scans, pain medication, and surgery. Specifically, defendant Bacon averred that he performed surgery on Hoyt's hip in January 2000, and that he also recommended that a second surgical procedure should be performed.

Hoyt did not meet his burden of presenting significant probative evidence in support of his complaint in order to defeat the defendants' well-supported motions for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *American Acad. of Ophthalmology, Inc. v. Sullivan,* 998 F.2d 377, 382 (6th Cir.1993). Hoyt essentially argued that the surgery should have occurred sooner, that his treatment should have been more aggressive, and that he should not have had to endure transfers to the locations where the medical examinations and surgery occurred. These arguments merely reflect Hoyt's difference in opinion from the doctors about his course of treatment, and as such the arguments are insufficient to help Hoyt state a cause of action. *Gamble,* 429 U.S. at 107. Although Hoyt submitted an affidavit in response to the motions for summary judgment, he did not dispute the defendants' averments concerning the medical treatment he received.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.